UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMUND OKOLIE,

        Plaintiff,

   v.

CITY OF SEATTLE, *et al.*,

        Defendants.

Case No. C17-1531 RSM

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINTS P[E]R CR 15(a)(2)

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaints p[e]r CR15(a)(2). Dkt. #21. Plaintiff appears to name three additional parties and re-allege at least some of his claims against the City of Seattle and its Police Department. *Id.* Defendant opposes the Motion, arguing Plaintiff's Motion fails to comply with this Court's rules, that the statute of limitations ran in October, 2017, and that Plaintiff's amended complaint against new parties should not relate back to his initial filing, and that the amendments are otherwise futile. Dkt. #24.[1] Plaintiff has not filed a reply. Having considered the briefing and the record herein, and for the reasons set forth below, the Court denies Plaintiff's Motion.

---

[1] Defendants filed a timely response and supporting declaration. Dkts. #22 and #23. Defendants subsequently filed praecipes and an amended response and amended supporting declaration to correct spelling, grammatical, and citation errors. Dkts. #24 and #25. The Court accepts Defendants' amended response and amended supporting declaration and considers them pursuant to Local Rule 7(m).

ORDER – 1

Plaintiff's lawsuit arises from his treatment while being investigated for "driving under the influence" by officers of the Seattle Police Department ("SPD") on October 17 and 18, 2014. Dkts. #4 and #25-1 at 33–43. Plaintiff alleges that he was falsely accused, held, and investigated, and treated inhumanely throughout, in violation of his civil rights. Dkt. #4 at 4–6. Though Plaintiff was criminally charged, those charges were later dismissed. *Id.*

Plaintiff initiated this pro se action[2] on October 13, 2017, against the City of Seattle, SPD, and Officers Lindsey Brown, David Bauer, Michael Silvagni, James Balawa, and Roger Russness. Dkts. #1 and #4. Plaintiff subsequently sought leave to amend his Complaint but the Court struck the motion as procedurally improper. Dkts. #19 and #20. Plaintiff again seeks leave to amend his Complaint. Dkt. #21.

Plaintiff, in seeking leave to amend, has again failed to comply with the Local Rules and this Court's previous Order. Local Rule 15 requires that Plaintiff's Motion attach an amended complaint that indicates "how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlying or highlighting the text to be added." LCR 15. Even though the Court previously struck Plaintiff's motion to amend, for failure to comply with Local Rule 15, Plaintiff's Amended Complaint still does not comply with the rule. Dkt. #21-1. Plaintiff's failure to comply appears to be in part caused by technological difficulties and Plaintiff has made some attempt to identify his changes. *See* Dkt. #21 at 3–7 (laying out Plaintiff's "Process of Amendment"). However, the Court is not able to discern Plaintiff's intent.

Plaintiff indicates that his request to amend is related to his pro se status, his inability to retain counsel, his difficulties getting the information he wants from the City of Seattle, and the

---

[2] Plaintiff previously filed a substantially similar action against the City of Seattle and SPD on August 17, 2015. *Okolie v. Seattle Police Dept., et al.*, C15-1258RAJ, Dkt. #4 (W.D. Wash. Aug. 17, 2015). Plaintiff was granted voluntary dismissal on January 24, 2017. Dkt. #46.

ORDER – 2

result of advice from an attorney. Dkts. #21 at 3–4 and #21-1 at 3–4. Plaintiff's Amended Complaint names three additional parties—the Mayor of Seattle, Officer Dunckle, and Officer Smith—, but does not contain any factual allegations against those parties. Dkt. #21-1. Plaintiff's Amended Complaint re-alleges certain claims against the City of Seattle and SPD and may possibly add an additional claim. Plaintiff's Motion and Amended Complaint are confusingly similar and the Court is unsure whether Plaintiff actually intends for his Amended Complaint to replace his Complaint as the Amended Complaint omits many of factual allegations contained in his Complaint as well as his request for relief. *Compare* Dkt. #4 *with* Dkt. #21-1. Indeed, the only relief Plaintiff arguably seeks in his Amended Complaint is Plaintiff's "CONCLUSION:"

> As a prose victim in this case, my experiences so far are very scary: I firmly believe that in the interest of Truth and justice, the police and the City should release all the videos and audios unedited of the incidents from my car stoppage on 10/17/14 through my release by my home address on 10/18/14 in the cold weather without any access to my home and in in very miserable condition. Also the police officers should be deposed under penalty of perjury. The videos/audios will reveal all that transpired, reduce cover-ups, reduce falsehoods, shorten the trial time for all, including the jury, court, both parties and minimize the cost. for all and propel the facts to be presented and justice to be served. [sic]

Dkts. #21 at 8 and #21-1 at 7.

Ultimately, the Court cannot tell whether Plaintiff understands that his Amended Complaint is to replace the existing Complaint in its entirety. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting "well-established doctrine that an amended pleading supersedes the original pleading"). Plaintiff may actually only intend to amend the "COMPLAINTS" section of his Complaint. *See* Dkt. #4 at 2–3 (utilizing the heading "COMPLAINTS") and Dkt. #21-1 at 5–7 (utilizing the heading "THE PROPOSED COMPLAINTS"). The Court cannot tell whether Plaintiff intends for the Amended Complaint

ORDER – 3

to replace the Complaint or be integrated into the Complaint. If Plaintiff intends for the Amended Complaint to be integrated into the Complaint, the Court cannot tell whether Plaintiff intends for the entire Amended Complaint to be integrated or merely some portion of the Amended Complaint. While Federal Rule of Civil Procedure 15(a) provides that leave to amend should "be freely given when justice so requires," Plaintiff's failure to comply with the Local Rules and this Court's previous Order prevents the Court from understanding the relief that Plaintiff's Motion seeks and the Court denies the Motion on that basis.

Accordingly, having reviewed the briefing along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Leave to Amend the Complaints p[e]r CR15(a)(2), (Dkt. #21), is DENIED.

The Court directs the Clerk to mail a copy of this Order to Plaintiff at 435 Martin Luther King Jr. Way South, Seattle, WA 98144.

DATED this 26th day of July 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4