UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDMUND OKOLIE,<br><br>                    Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE, THE SEATTLE POLICE DEPARTMENT, LINDSAY BROWN, DAVID BAUER, MICHAEL SILVAGNI, JAMES BALAWA, AND ROGER RUSNESS,<br><br>                    Defendants. | CASE NO. C17-1531RSM<br><br>ORDER GRANTING DEFENDANT CITY OF SEATTLE'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant City of Seattle's Motion for Summary Judgment. Dkt. #32. Plaintiff Edmund Okolie has not filed an opposition to this Motion. The Court has determined that it can rule on this Motion without oral argument. For the reasons stated below, the Court GRANTS this Motion.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at

ORDER GRANTING DEFENDANT CITY OF
SEATTLE'S MOTION FOR SUMMARY
JUDGMENT - 1

248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Mr. Okolie's claims involve an October 17, 2014, traffic stop where he alleges he was falsely accused, held and investigated, and treated inhumanely in violation of his civil rights. Dkt. #4 at 4–6. Though Mr. Okolie was criminally charged, those charges were later dismissed. *Id*. While the background facts of this case are lengthy, the Court has determined that it can rule solely on procedural defects to this suit, and thus will focus on the procedural background only.

Mr. Okolie initiated this pro se action on October 13, 2017, against the City of Seattle, SPD, and Officers Lindsey Brown, David Bauer, Michael Silvagni, James Balawa, and Roger Russness. Dkts. #1 and #4.[1] Mr. Okolie subsequently sought leave to amend his Complaint twice, but the Court struck those motions as procedurally improper. Dkts. #20 and #26.

---

[1] Mr. Okolie previously filed a substantially similar action against the City of Seattle and SPD on August 17, 2015. *Okolie v. Seattle Police Dept., et al.*, C15-1258RAJ, Dkt. #4 (W.D. Wash. Aug. 17, 2015). Mr. Okolie was granted voluntary dismissal on January 24, 2017. Dkt. #46.

ORDER GRANTING DEFENDANT CITY OF
SEATTLE'S MOTION FOR SUMMARY
JUDGMENT - 2

Mr. Okolie filed a Motion for Summary Judgment on October 23, 2018. Dkt. #31. The instant Motion was filed the next day by the City of Seattle. Dkt. #32.

The City of Seattle asserts that Mr. Okolie never served the individual officers. Dkt. #32 at 6 (citing Joint Status Report, Dkt. #16 at 5). Mr. Okolie has failed to respond to this Motion, so this assertion stands uncontested. The deadline for serving these officers has lapsed under Rule 4(m) and the applicable statute of limitations. *Id*. at 8–9 (citing 42 U.S.C. § 1983; *Owens v. Okure*, 488 U.S. 235, 250 (1989); and RCW 4.16.080(2)). The City apparently discussed this problem with Mr. Okolie at the Joint Status Report meeting. *Id*. The City argues that equitable tolling and equitable estoppel should not apply in this case. *Id*. at 10–11.

The Court agrees with the City in that Mr. Okolie's claims against the individual officers are properly dismissed for failure to serve within the time limit for service, and that any future service would be futile as these claims are now time-barred under the applicable statutes of limitation. Equitable tolling and equitable estoppel are inappropriate for this action, and in any event Mr. Okolie has failed to argue for such relief.

Given the above, to proceed on a municipal liability claim against the only remaining Defendant City of Seattle, Mr. Okolie must prove a violation of his constitutional rights under a *Monell* claim. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The City can only be held liable where "it has an official policy or pervasive custom that causes a violation of a plaintiff's federal civil rights." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Mr. Okolie could have made this showing by pointing to a custom or policy that led to his injury, by pointing to an injury caused by an action taken in the official capacity of a policymaker, or by showing that a policymaker ratified a subordinate's unconstitutional act. *See Trevino v. Gates*, 99 F.3d

911, 918 (9th Cir. 1996). Simply identifying a custom or policy is insufficient; rather, Mr. Okolie must also prove this custom or policy caused the purported constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012). Further, "only where a failure to train reflects a "deliberate" or "conscious" choice by the municipality can the failure be properly thought of as an actionable city "policy." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379, (1989). Proof of isolated incidents of unconstitutional behavior by employees cannot establish a municipal policy or custom. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "Instead, it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injuries that [make] the government as an entity responsible under § 1983." *Monell*, 436 U.S. at 694.

The City of Seattle goes through Mr. Okolie's allegations and the above law and argues as follows:

> Plaintiff's Complaint, although difficult to decipher, identifies three allegations against the city. First, he alleges that the "city of Seattle created the avenue for the abuses by building the cells without toilettes or adequate supervision for the unfortunate victims." (Dkt. 4 at 5-6). Second, that "the city laid mines on the street by deploying officers without knowledge of the manual of the police codes of conduct on the street." (Dkt. 4 at 7-8). Last, that "the city also failed to recruit qualified agents with critical thinking and decision making abilities." (Dkt. 4 at 9-10). First, there is no evidence to support Plaintiff's claims. In fact, the facts of this case bely Plaintiff's three allegations against the City. Plaintiff alleges there were no toilets of "adequate supervision" of the "unfortunate victims." In this case, Plaintiff is seen being monitored by officers while in the holding cell (Evans Dec. ¶ 4, Exhibit B, General Area Videos 1-7). There is no evidence to suggest that Plaintiff could *not* have used the restroom when necessary. There is no evidence that there were not adequate toilets available to Plaintiff upon request. Additionally, Plaintiff suffered no harm as there is no evidence that he soiled himself while being detained. Looking at the claims in the light most favorable to Plaintiff, Plaintiff has not identified any evidence to show that the

| | |
|---|---|
| 1 | alleged deficiency of not having toilets in the holding cell would obviously result in constitutional injury. Moreover, Plaintiff fails to meet the necessary element of showing a custom or policy that led to the injury, by pointing to an injury caused by an action taken in the official capacity of a policymaker, or by showing that a policymaker ratified a subordinate's unconstitutional act. Plaintiff makes allegations not supported by any fact or evidence. |
| 2 | |
| 3 | |
| 4 | |
| 5 | Plaintiff's next claim also clearly does not meet the requirements of a *Monell* claim. Even if the court were to entertain Plaintiff's second allegation that "the city laid mines on the street by deploying officers without knowledge of the manual of the police codes of conduct on the street" (Dkt. 4 at 7-8), it still fails. Plaintiff fails to point to any evidence to support his allegation that the city has deployed officers without knowledge of the police manual. Plaintiff fails to cite to any specific code of conduct or rule from the Police Manual he is referring to. Further, Plaintiff fails to identify how this failure is deficient, how it caused him harm, and how it reflects a policy or custom that amounts to deliberate indifference. This allegation too must fail. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Lastly, Plaintiff's claim that the "city also failed to recruit qualified agents with critical thinking and decision making abilities" also fails. Plaintiff fails to clearly identify what he is referring to. Further, Plaintiff does not identify how this custom or policy is deficient, how it caused him harm, nor how it amounted to a deliberate indifference. This allegation fails. Plaintiff has no facts to support a *Monell* claim. See (Dkt. 4). This Court should dismiss any claims against the City for § 1983 liability. |
| 13 | |
| 14 | |
| 15 | |

Dkt. #32 at 13–14. The Court agrees with the City's analysis, especially in pointing out that Mr. Okolie fails to present evidence "showing a custom or policy that led to the injury, by pointing to an injury caused by an action taken in the official capacity of a policymaker, or by showing that a policymaker ratified a subordinate's unconstitutional act."  His conclusory allegations are insufficient.  Mr. Okolie fails to respond to the instant Motion, but the Court has reviewed his parallel Motion for Summary Judgment, Dkt. #31, and the remainder of the record, and finds no

ORDER GRANTING DEFENDANT CITY OF
SEATTLE'S MOTION FOR SUMMARY
JUDGMENT - 5

evidence to support *Monell* claims. The Court finds that Mr. Okolie's failure to meet this necessary element of his case warrants summary judgment dismissal. *See Celotex, supra.*

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant City of Seattle's Motion for Summary Judgment, Dkt. #32, is GRANTED. All of Plaintiff's remaining claims are DISMISSED. All other pending Motions are STRICKEN as MOOT. This case is CLOSED.

DATED this 20 day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE